JUDGMENT: Affirmed
 OPINION
On July 2, 1997, a criminal complaint was filed charging appellant, Steven Amos, with violating R.C. 4301.69. The complaint alleged that on March 15, 1996, appellant bought and/or furnished alcoholic beverages to an underaged person, namely Ronald Hendershot aka Doug Hendershot. A jury trial commenced on January 27, 1998. The jury found appellant guilty. By judgment entry filed April 23, 1998, the trial court sentenced appellant to six months in jail, all but ten days suspended, and sixty days of electronically monitored house arrest. Appellant was also ordered to complete one hundred hours of community service and to pay a $1,000 fine plus court costs. Appellant filed a notice of appeal on May 28, 1998. On September 28, 1998, this court dismissed the appeal for want of prosecution. On December 11, 1998, appellant filed an application to reopen the appeal. By judgment entry filed January 15, 1999, this court granted said application. This matter is now before this court for consideration. Assignments of error are as follows:
 I THE REPRESENTATION OF APPELLANT'S PRIOR APPELLATE COUNSEL WAS DEFICIENT DUE TO HIS FAILURE TO FILE A BRIEF ON APPELLANT'S BEHALF.
 II THE JURY VERDICT FINDING APPELLANT GUILTY WAS NOT SUPPORTED BY THE EVIDENCE.
 III THE JURY VERDICT FINDING APPELLANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
This assignment of error claims appellant's prior appellate counsel was deficient because he failed to prosecute the appeal by filing a brief resulting in a dismissal of the direct appeal on October 7, 1998. By judgment entry filed January 15, 1999, this court reopened appellant's appeal thereby rendering this assignment of error moot.
 II, III
These assignments of error challenge the sufficiency and the manifest weight of the evidence. Appellant claims the facts are insufficient to uphold his conviction. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of violating R.C. 4301.69 "no person shall buy beer or intoxicating liquor for, or furnish it to, an underaged person." R.C.4301.69(E) defines underaged drinking as follows: (E) No underage person shall knowingly possess or consume any beer or intoxicating liquor, in any public or private place, unless he is accompanied by a parent, spouse who is not an underage person, or legal guardian, or unless the beer or intoxicating liquor is given by a physician in the regular line of his practice or given for established religious purposes.
At the close of the state's case-in-chief, defense counsel moved for acquittal pursuant to Crim.R. 29. T. at 55. The trial court denied the motion. T. at 61. No defense witnesses were presented so the matter proceeded to the jury. Therefore, the same evidence is subject to scrutiny for sufficiency and manifest weight. On the day of the alleged purchase or furnishing of alcohol, Mr. Hendershot was nineteen years old. T. at 25. Appellant was twenty-one years old. T. at 32. Appellant, Mr. Hendershot and two other individuals went to a Mini Shop Drive Thru in appellant's Jeep. T. at 29-30. The sole reason to go to the drive thru was to purchase beer, wine coolers and cigarettes. T. at 30, 33. Appellant was the driver, Mr. Hendershot was in the front passenger seat and the two other individuals were in the rear of the Jeep. T. at 31. Appellant was the only twenty-one year old in the vehicle. T. at 32. The attendant at the drive thru approached the passenger side and talked to appellant. T. at 33. Appellant placed the alcohol order which was paid for by money pooled from appellant and Mr. Hendershot. T. at 34-35, 37, 41. Mr. Hendershot grabbed the items and handed them to the individuals in the back of the Jeep. T. at 35. All four returned to appellant's residence where Mr. Hendershot consumed four to five beers. T. at 36. Mr. Hendershot testified the only way they got the alcohol was because appellant was with them. T. at 47. On cross-examination, Mr. Hendershot admitted to paying for a six pack of Budweiser and the wine coolers. T. at 40-41. A six pack of Miller Genuine Draft could have also been purchased. T. at 40-42. Despite this discrepancy, it is very clear that appellant was the avenue for the purchase of the alcohol. Without appellant's presence, the alcohol could not have been purchased. There is nothing in the record to overcome the fact that appellant facilitated the purchase. Appellant provided the transportation and his presence to accomplish the purchase. Further, it is unrefuted appellant and Mr. Hendershot pooled their money to purchase the items. Upon review, we find sufficient evidence, if believed, to find appellant guilty under R.C. 4301.69, and no manifest miscarriage of justice. Assignments of Error II and III are denied.
The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Edwards, J. concur